IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDY POINT DENTAL, PC,                ) | |
| ) | |
| Plaintiff,        ) | |
| ) | Case No. 20 CV 2160 |
| v.                ) | |
| ) | Judge Robert W. Gettleman |
| THE CINCINNATI INSURANCE    ) | |
| COMPANY,                        ) | |
| ) | |
| Defendant.        ) | |

**<u>MEMORANDUM OPINION & ORDER</u>**

Plaintiff Sandy Point Dental, PC brought a three count complaint against defendant, The Cincinnati Insurance Company, seeking a declaration that defendant must provide coverage under the policy for losses due to governmental closure orders intended to slow the spread of the Coronavirus and COVID-19, damages and attorneys' fees under 215 ILCS 5/155, and a claim for breach of contract for failing to provide coverage. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, the court grants defendant's motion.

**<u>BACKGROUND</u>**

Plaintiff is a dentist office. On March 20, 2020, Illinois Governor Pritzker issued an order instructing all "non-essential businesses" to close in order to slow the spread of COVID-19. That order left dental offices able to do emergency and non-elective work, but not routine work. As a dental office that mostly does routine work, plaintiff alleges that it was effectively forced to shut

down for the duration of the crisis. This shut-down has resulted in a substantial loss of revenue for plaintiff.

Defendant issued an insurance policy to plaintiff for the period of October 14, 2017 to October 14, 2020. The relevant provisions can be found in the Building and Personal Property Coverage Form and the Business Income Coverage Form. The Business Income Coverage states, in relevant part:

> We will pay for the actual loss of "Business Income" … you sustain due to the necessary "suspension" of your "operation" during the "period of restoration". The "suspension" must be caused by direct physical "loss' to property at "premises" cause by or resulting from any Covered Cause of Loss.
>
> […]
>
> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical "loss" to property at "premises" which is described in the Declarations and for which a "Business Income" Limit of Insurance is shown in the Declaration. The "loss" must be caused by or result from a Covered Cause of Loss.

The policy defines a Covered Cause of Loss as "RISKS OF DIRECT PHYSCIAL LOSS," unless expressly excluded by the policy.

The policy also provides Civil Authority coverage. To trigger such coverage, orders of civil authority must "prohibit access to the 'premises' due to direct physical 'loss' to the property, other than at the 'premises', caused by or resulting from a Covered Cause of Loss."

## DISCUSSION

Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the sufficiency of the complaint, not to judge the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in

plaintiff's favor. McMillan v. Collection Professionals Inc., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must plead sufficient facts to plausibly suggest that plaintiff has a right to relief and raise that possibility above the "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**1) Property Damage**

The parties agree that Illinois law governs their dispute. In Illinois, the construction of an insurance policy is a question of law. Country Mut. Ins. Co. v. Livorsi Marine, Inc., 856 N.E.2d 338, 342 (Ill. 2006). An insurance policy is to be construed as a whole, "giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose." Valley Forge Ins. Co. v. Swiderski Elecs., Inc., 860 N.E.2d 307, 314 (Ill. 2006). "If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning." Cent. Ill. Light Co. v. Home Ins. Co., 821 N.E.2d 206, 213 (Ill. 2004). However, "[a] policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." Founders Ins. Co. v. Munoz, 930 N.E.2d 999 (Ill. 2010).[1]

At the most basic level, the parties dispute whether the substantial closure of the dentist office due to Governor Pritzker's orders constituted a "direct physical loss" under the policy. Plaintiff's complaint does not allege that there was any demonstrable, physical alteration to the property at its dental office. Rather, plaintiff asserts that the language of the policy does not require a tangible, material loss to the physical structure, but allows for a partial loss to the properties from loss of use. Plaintiff further argues that the policy contains several exclusions to coverage, and that an exclusion for pandemics is conspicuously absent from the exclusion section.

---

[1] The court may take notice of the policy without converting the motion to dismiss into a motion for summary judgment. Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

The critical policy language here—"direct physical loss"—unambiguously requires some form of actual, physical damage to the insured premises to trigger coverage. The words "direct" and "physical," which modify the word "loss," ordinarily connote actual, demonstrable harm of some form to the premises itself, rather than forced closure of the premises for reasons extraneous to the premises themselves, or adverse business consequences that flow from such closure. See Newman Myers Kreines Gross, P.C. v. Great Northern Ins. Co., 17 F.Supp.3d 323 (S.D.N.Y. 2014) (law firm did not suffer "direct physical loss" when electric utility preemptively shut off power in advance of Hurricane Sandy). Plaintiff simply cannot show any such loss as a result of either inability to access its own office or the presence of the virus on its physical surfaces, the latter of which plaintiff fails to allege in its complaint. Plaintiff has not pled any facts showing physical alteration or structural degradation of the property. Nothing about the property has been altered since March 2020. Plaintiff need not make any repairs or change any part of the building to continue its business. Compare Id. (explaining that "repair" and "replace" in period of restoration clause "contemplate physical damage to the insured premises as opposed to loss of use of it"); with Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Int'l Ins. Co., 720 N.E.2d 622, 625-26 (Ill. Ct. App. 1999), as modified on denial of rehearing (Dec. 3, 1999) (finding physical damage to the property, and thus coverage, because plaintiff was required to conduct repairs and remove asbestos-causing materials from the premises).

This holding is consistent with other courts that have evaluated whether the coronavirus causes property damage warranting insurance coverage. See, for example, Social Life Magazine, Inc. v. Sentinel Ins. Co. Ltd., No. 20 C 3311 (S.D.N.Y. 2020), ECF No. 25, Ex. B at 5:3-4 (denying a motion for preliminary injunction because the coronavirus does not cause direct physical loss, therefore no coverage was required; the coronavirus "damages lungs. It doesn't

damage printing presses"); Diesel Barbershop, LLC v. State Farm Lloyds, -- F.Supp.3d --, 2020 WL 4724305, at *5 (W.D. Tex. Aug. 13, 2020) (granting a motion to dismiss because the coronavirus did not cause a direct physical loss, and "the loss needs to have been a 'distinct, demonstrable physical alteration of the property.'"); Gavrilides Mgmt. Co. v. Michigan Ins. Co., No. 20-258-CB (Mich. 2020), ECF. No. 25, Ex. C (explaining that direct physical loss to property requires tangible alteration or damage that impacts the integrity of the property, and dismissing the case because plaintiff failed to allege that the coronavirus had any impact to the premises); Rose's 1, LLC v. Erie Ins. Exch., No. 2020 CA 002424 B, 2020 WL 4589206, at *5 (D.C. Super. Aug. 6, 2020) (granting summary judgment for insurer on restaurant's claims of lost business caused by coronavirus closure orders because there was no direct physical loss to property).[2]

In essence, plaintiff seeks insurance coverage for financial losses as a result of the closure orders. The coronavirus does not physically alter the appearance, shape, color, structure, or other material dimension of the property. Consequently, plaintiff has failed to plead a direct physical loss—a prerequisite for coverage.[3]

**2) Civil Authority**

Plaintiff's arguments regarding civil authority coverage fail for similar reasons. As noted above, the policy's civil authority coverage applies only if there is a Covered Cause of Loss, meaning a direct physical loss, to property other than the plaintiff's property. Even then, there is

---

[2] Plaintiff heavily relies on Studio 417 Inc. v. The Cincinnati Insurance Co., 20 C 3127-SRB (S.D. Mo. Aug. 12, 2020), a Missouri case that found that the coronavirus caused a physical loss to property warranting insurance coverage. That court rested its decision on that policy's expansive language, language very different from the policy in the instant case. The unambiguous language in the instant policy warrants a different conclusion—physical damage that demonstrably alters the property is necessary for coverage, and the coronavirus does not cause physical damage.
[3] Plaintiff's arguments regarding the exclusions are unavailing. By the policy's plain and unambiguous text, the exclusions are triggered only when there is first a direct physical loss. Having determined that there is no direct physical loss, the court need not address arguments regarding the exclusions.

coverage only if the civil authority order, (1) prohibits access to the premises due to (2) direct physical loss to property, other than plaintiff's premises, caused by or resulting from any Covered Cause of Loss.

Just as the coronavirus did not cause direct physical loss to plaintiff's property, the complaint has not (and likely could not) allege that the coronavirus caused direct physical loss to other property. By the policy's own terms, the civil authority coverage does not apply. Failure to meet this requirement alone warrants dismissal of any claim for civil authority coverage. As to the next prong, while coronavirus orders have limited plaintiff's operations, no order issued in Illinois prohibits access to plaintiff's premises. See Syufy Enters. v. Home Ins. Co. of Ind., 1995 WL 129229, at *2 (N.D. Cal. Mar. 21, 1995) (riot-related curfew prevented customers from being outside, it did not prohibit access to the insured's premises). Indeed, plaintiff concedes that dental offices were deemed essential businesses for emergency and non-elective work. Consequently, plaintiff has failed to allege that access to its premises was prohibited by government order, and its claim for civil authority coverage fails.

For the foregoing reasons, Counts I and II are dismissed.

**3) Section 155**

215 ILCS 5/155 provides "an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." Phillips v. Prudential Ins. Co. of America, 714 F.3d 1017, 1023 (7th Cir. 2013). "If there is a bona fide dispute regarding coverage—meaning a dispute that is real, genuine, and not feigned—statutory sanctions under section 5/155 are inappropriate." Id. (internal citations omitted). Section 5/155 claims may be dismissed at the pleadings stage when a plaintiff fails to state a sufficient factual basis for sanctions, or when a bona fide dispute regarding coverage is apparent

from the face of the complaint.  See <u>9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Conn.</u>, No. 15 C 10822, 2016 WL 464276, at *4 (N.D. Ill. Feb. 8, 2016).

Here, plaintiff's complaint states in a conclusory fashion: "[d]efendant's denials were vexatious and unreasonable."  The only factual allegation provided is that defendant denied the insurance claim without conducting an investigation.  Plaintiff has thus failed to plead a sufficiently plausible basis for sanctions.  Further, the face of the complaint presents, at most, a bona fide dispute over coverage which precludes a finding of Section 155 liability.  Count III is dismissed.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss (Doc. 25) is granted.

**ENTER: September 21, 2020**

_____
**Robert W. Gettleman
United States District Judge**