IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDY POINT DENTAL, PC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 CV 2160 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| THE CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Sandy Point Dental, PC brought a three count complaint against defendant, The Cincinnati Insurance Company, seeking a declaration that defendant must provide coverage under the policy for losses due to governmental closure orders intended to slow the spread of the Coronavirus and COVID-19, damages and attorneys' fees under 215 ILCS 5/155, and a claim for breach of contract for failing to provide coverage. On September 21, 20, the court granted defendant's motion to dismiss and terminated the case. [Doc. 37]. Plaintiff has filed a motion for leave to file a Second Amended Complaint [Doc. 39] and a motion to reconsider [Doc. 40]. After reviewing the briefs and considering the supplemental authority, the court denies both motions.

**BACKGROUND**

The background facts are set forth in the court's earlier opinion and need not be restated here. Sandy Point Dental, PC v Cincinnati Insurance Co., 2020 WL 5630465, at *1 (N.D. Ill. Sep. 21, 2020). Relevant to the instant motions, defendant issued an insurance policy to plaintiff for the period of October 14, 2017 to October 14, 2020. The relevant provisions can be found in

1

the Building and Personal Property Coverage Form and the Business Income Coverage Form. The Business Income Coverage states, in relevant part:

> We will pay for the actual loss of "Business Income" … you sustain due to the necessary "suspension" of your "operation" during the "period of restoration". The "suspension" must be caused by direct physical "loss' to property at "premises" cause by or resulting from any Covered Cause of Loss.
>
> […]
>
> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical "loss" to property at "premises" which is described in the Declarations and for which a "Business Income" Limit of Insurance is shown in the Declaration. The "loss" must be caused by or result from a Covered Cause of Loss.

The policy defines a Covered Cause of Loss as "RISKS OF DIRECT PHYSCIAL LOSS," unless expressly excluded by the policy.

## DISCUSSION

Plaintiff has filed two motions: one for leave to file a Second Amended Complaint and the other for reconsideration under Rule 59(e). The court will discuss each in turn.

**1) Motion to reconsider**

The court's September 21, 2020, opinion found that the insurance policy covering plaintiff's business is triggered only by a direct physical loss, and that the COVID-19 pandemic and subsequent lockdown orders did not cause such a loss. [Doc. 37]. The court further found that the lockdown orders did not trigger civil authority coverage, and that plaintiff failed to plead a 215 ILCS 5/155 claim. Plaintiff moves to reconsider only the court's first finding: that there was no physical damage triggering insurance coverage.

Rule 59(e) of the Federal Rules of Civil Procedure "allow[s] a party to bring to the district court's attention a manifest error of law or fact so that it may correct, or at least address,

2

the error in the first instance." A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co., 963 F.3d 705, 709 (7th Cir. 2020). Such a motion serves a limited function and may not be used to reargue or rehash arguments previously presented. See Oto v. Metro. Life. Ins. Co., 224 F3d 601, 606 (7th Cir. 2000). The party seeking the Court's reconsideration must give the Court "a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Plaintiff argues that the court should reconsider its decision because there as been "a change in the law after the case was submitted to the Court for consideration." The only change plaintiff identifies is a single case from the United States District Court for the Western District of Missouri, Blue Springs Dental Care, LLC v. Owner Ins. Co., 2020 WL 5637963 (W.D. Mo. Sep. 21, 2020). The court in Blue Springs found that the COVID-19 virus physically attached itself to the premises, causing physical damage or loss to the property, and thus triggered insurance coverage. Id. at *4. Plaintiff argues that the Blue Springs case is particularly relevant because the plaintiff in Blue Springs is a dental office, just like the plaintiff here.

Contrary to plaintiff's arguments, Blue Springs is nothing new. Indeed, the reasoning of Blue Springs is nearly identically to the reasoning in Studio 417, Inc., et al. v. the Cincinnati Ins. Co., 2020 WL 4692385 (W.D. Mo. Aug. 12, 2020). Both cases were issued by the same judge and focus on policy language that this court has already distinguished. The relevant policy language in both Studio 417 and in Blue Springs provided that the insurer "will pay for direct physical loss of or damage to Covered Property." Studio 417, 2020 WL 4692385, at *4-5; Blue Springs, 2020 WL 5637963, at *4. The Western District of Missouri court focused heavily on the disjunctive "or" and found that the policy contemplated loss to property other than direct physical damage. Id. This court expressly distinguished the policy language and reasoning of Studio 417 in its earlier opinion, concluding that the policy language in Studio 417 was much

3

more expansive than the policy language here (providing for "direct physical 'loss' to property"). A second case with the same distinguishable policy language hardly amounts to a "change in the law" warranting reconsideration.

Further, the majority of courts to address this issue have agreed with this court, finding that COVID-19 and corresponding closure orders do not cause physical damage or physical loss to insured property. An Illinois state court and several federal courts have cited this court's earlier decision favorably and have agreed with this court's conclusion. See for example, It's Nice Inc. v. State Farm Fire and Cas., Co., Case No. 2020 L 000517 (18th Judicial Circuit (DuPage County) Sep. 29, 2020) (favorably citing Sandy Point and relying on that reasoning to conclude that COVID-19 does not cause physical damage triggering insurance coverage, and dismissing the case); Bradley Hotel Corp. v. Aspen Specialty Ins. Co., 2020 WL 7889047, at *3-4 (N.D. Ill. Dec. 22, 2020) (same); T & E Chi. LLC v. Cincinnati Ins. Co., 2020 WL 6801845, a *4 (N.D. Ill. Nov. 19, 2020) (same); Uncork and Create LLC v. Cincinnati Ins. Co., 2020 WL 6436948, at *4-5 (S.D. W. Va. Nov. 2, 2020) (same); Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co., 2020 WL 6392841, at *5 (S.D. Fl. Nov. 2, 2020) (same).

Plaintiff has not provided a manifest error of fact or law. All plaintiff has provided is an out-of-circuit case that relies on a different state's law and different policy language. Plaintiff's arguments do not warrant a motion to reconsider. The motion is accordingly denied.

**2) Leave to File a Second Amended Complaint**

Plaintiff has additionally moved for leave to file a Second Amended Complaint.[1] Ordinarily, a plaintiff whose complaint has been dismissed under Rule 12(b)(6) may be given an opportunity to amend the complaint before the entire action is dismissed. Runnion v. Girl Scouts

---

[1] Plaintiff has already amended its complaint once as a matter of course [Doc. 23].

4

of Greater Chi., 786 F.3d 510, 519 (7th Cir. 2015). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The terms of the rule, however, do not mandate that leave be granted in every case." Park v. City of Chi., 297 F.3d 606, 612 (7th Cir. 2002). The Seventh Circuit has recognized that, "when it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and enter an immediate final judgment." Runnion, 786 F.3d at 520. Such is the case here.

Plaintiff's proposed Second Amended Complaint contains eight new paragraphs that essentially state that the COVID-19 virus spreads through particles that land on surfaces and physically attaches itself to physical premises. However, these new allegations do not correct the deficiencies in plaintiff's original complaint. There are no allegations that COVID-19 was ever present in the facility and no allegations of tangible physical damage. Even if plaintiff could plead the presence of the COVID-19 virus on the premises, that allegation alone is not sufficient to present a claim based on direct physical damage to the property. As the court held in its earlier order, "[t]he coronavirus does not physical alter the appearance, shape, color, structure, or other material dimension of the property." Sandy Point, 2020 WL 5630465, at *3. The Second Amended Complaint does not change this fact and does not cure this defect. Because leave to amend is futile, plaintiff's motion for leave to amend is denied.

## CONCLUSION

For the reasons stated above, the court denies plaintiff's motion for leave to file a Second Amended Complaint [Doc. 39] and motion to reconsider [Doc. 40].

**ENTER:**

Date: **January 10, 2021**

Robert W. Gettleman
United States District Judge

5