IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDY POINT DENTAL PC,    )  Case No. 1:20-cv-02160
        Plaintiff,  )
v.           )  The Honorable Robert W. Gettleman
           )
THE CINCINNATI INSURANCE COMPANY, )
        Defendant, )  Jury Trial Demanded

## NOTICE OF APPEAL

   Notice is hereby given that Sandy Point Dental, P.C., plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from a January 10, 2021 Order, Denying Reconsideration of a September 21, 2020 Order Granting Defendant The Cincinnati Insurance Company's Motion to Dismiss.

Respectfully Submitted,


s/Charles Aaron Silverman
Attorney for Plaintiff


Charles Aaron Silverman, P.C.
8800 Bronx Ave. # 100-F
Skokie, IL 60077
(312) 526-3201
Chsilvlaw@yahoo.com


CERTIFICATE OF SERVICE

   I, Charles Aaron Silverman, hereby certify that I caused a copy of this instrument to be served upon all parties of record by filing it with the Clerk of the Court for the United States District Court for the Northern District of Illinois, in accordance with the Federal Rules of Civil Procedure and All Local Rules on January 28, 2021.

s/Charles Aaron Silverman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDY POINT DENTAL, PC,      )
      )
      Plaintiff,      )
      )      Case No. 20 CV 2160
      v.      )
      )      Judge Robert W. Gettleman
THE CINCINNATI INSURANCE      )
COMPANY,      )
      )
      Defendant.      )

**MEMORANDUM OPINION & ORDER**

Plaintiff Sandy Point Dental, PC brought a three count complaint against defendant, The

Cincinnati Insurance Company, seeking a declaration that defendant must provide coverage

under the policy for losses due to governmental closure orders intended to slow the spread of the

Coronavirus and COVID-19, damages and attorneys' fees under 215 ILCS 5/155, and a claim for

breach of contract for failing to provide coverage. Defendant moves to dismiss under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, the court grants

defendant's motion.

**BACKGROUND**

Plaintiff is a dentist office. On March 20, 2020, Illinois Governor Pritzker issued an order

instructing all "non-essential businesses" to close in order to slow the spread of COVID-19. That

order left dental offices able to do emergency and non-elective work, but not routine work. As a

dental office that mostly does routine work, plaintiff alleges that it was effectively forced to shut

1

down for the duration of the crisis.  This shut-down has resulted in a substantial loss of revenue for plaintiff.

Defendant issued an insurance policy to plaintiff for the period of October 14, 2017 to October 14, 2020.  The relevant provisions can be found in the Building and Personal Property Coverage Form and the Business Income Coverage Form.  The Business Income Coverage states, in relevant part:

> We will pay for the actual loss of "Business Income" … you sustain due to the necessary "suspension" of your "operation" during the "period of restoration". The "suspension" must be caused by direct physical "loss" to property at "premises" cause by or resulting from any Covered Cause of Loss.
>
> […]
>
> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical "loss" to property at "premises" which is described in the Declarations and for which a "Business Income" Limit of Insurance is shown in the Declaration. The "loss" must be caused by or result from a Covered Cause of Loss.

The policy defines a Covered Cause of Loss as "RISKS OF DIRECT PHYSCIAL LOSS," unless expressly excluded by the policy.

The policy also provides Civil Authority coverage.  To trigger such coverage, orders of civil authority must "prohibit access to the 'premises' due to direct physical 'loss' to the property, other than at the 'premises', caused by or resulting from a Covered Cause of Loss."

## DISCUSSION

Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The purpose of such a motion is to test the sufficiency of the complaint, not to judge the merits of the case.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering the motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in

plaintiff's favor. <u>McMillan v. Collection Professionals Inc</u>., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must plead sufficient facts to plausibly suggest that plaintiff has a right to relief and raise that possibility above the "speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

**1) Property Damage**

The parties agree that Illinois law governs their dispute. In Illinois, the construction of an insurance policy is a question of law. <u>Country Mut. Ins. Co. v. Livorsi Marine, Inc</u>., 856 N.E.2d 338, 342 (Ill. 2006). An insurance policy is to be construed as a whole, "giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose." <u>Valley Forge Ins. Co. v. Swiderski Elecs., Inc</u>., 860 N.E.2d 307, 314 (Ill. 2006). "If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning." <u>Cent. Ill. Light Co. v. Home Ins. Co</u>., 821 N.E.2d 206, 213 (Ill. 2004). However, "[a] policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." <u>Founders Ins. Co. v. Munoz</u>, 930 N.E.2d 999 (Ill. 2010).[1]

At the most basic level, the parties dispute whether the substantial closure of the dentist office due to Governor Pritzker's orders constituted a "direct physical loss" under the policy. Plaintiff's complaint does not allege that there was any demonstrable, physical alteration to the property at its dental office. Rather, plaintiff asserts that the language of the policy does not require a tangible, material loss to the physical structure, but allows for a partial loss to the properties from loss of use. Plaintiff further argues that the policy contains several exclusions to coverage, and that an exclusion for pandemics is conspicuously absent from the exclusion section.

---

[1] The court may take notice of the policy without converting the motion to dismiss into a motion for summary judgment. <u>Venture Assoc. Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 431 (7th Cir. 1993).

The critical policy language here—"direct physical loss"—unambiguously requires some form of actual, physical damage to the insured premises to trigger coverage. The words "direct" and "physical," which modify the word "loss," ordinarily connote actual, demonstrable harm of some form to the premises itself, rather than forced closure of the premises for reasons extraneous to the premises themselves, or adverse business consequences that flow from such closure. See Newman Myers Kreines Gross, P.C. v. Great Northern Ins. Co., 17 F.Supp.3d 323 (S.D.N.Y. 2014) (law firm did not suffer "direct physical loss" when electric utility preemptively shut off power in advance of Hurricane Sandy). Plaintiff simply cannot show any such loss as a result of either inability to access its own office or the presence of the virus on its physical surfaces, the latter of which plaintiff fails to allege in its complaint. Plaintiff has not pled any facts showing physical alteration or structural degradation of the property. Nothing about the property has been altered since March 2020. Plaintiff need not make any repairs or change any part of the building to continue its business. Compare Id. (explaining that "repair" and "replace" in period of restoration clause "contemplate physical damage to the insured premises as opposed to loss of use of it"); with Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Int'l Ins. Co., 720 N.E.2d 622, 625-26 (Ill. Ct. App. 1999), as modified on denial of rehearing (Dec. 3, 1999) (finding physical damage to the property, and thus coverage, because plaintiff was required to conduct repairs and remove asbestos-causing materials from the premises).

This holding is consistent with other courts that have evaluated whether the coronavirus causes property damage warranting insurance coverage. See, for example, Social Life Magazine, Inc. v. Sentinel Ins. Co. Ltd., No. 20 C 3311 (S.D.N.Y. 2020), ECF No. 25, Ex. B at 5:3-4 (denying a motion for preliminary injunction because the coronavirus does not cause direct physical loss, therefore no coverage was required; the coronavirus "damages lungs. It doesn't

damage printing presses"); <u>Diesel Barbershop, LLC v. State Farm Lloyds</u>, -- F.Supp.3d --, 2020 WL 4724305, at *5 (W.D. Tex. Aug. 13, 2020) (granting a motion to dismiss because the coronavirus did not cause a direct physical loss, and "the loss needs to have been a 'distinct, demonstrable physical alteration of the property.'"); <u>Gavrilides Mgmt. Co. v. Michigan Ins. Co.</u>, No. 20-258-CB (Mich. 2020), ECF. No. 25, Ex. C (explaining that direct physical loss to property requires tangible alteration or damage that impacts the integrity of the property, and dismissing the case because plaintiff failed to allege that the coronavirus had any impact to the premises); <u>Rose's 1, LLC v. Erie Ins. Exch.</u>, No. 2020 CA 002424 B, 2020 WL 4589206, at *5 (D.C. Super. Aug. 6, 2020) (granting summary judgment for insurer on restaurant's claims of lost business caused by coronavirus closure orders because there was no direct physical loss to property).[2]

In essence, plaintiff seeks insurance coverage for financial losses as a result of the closure orders. The coronavirus does not physically alter the appearance, shape, color, structure, or other material dimension of the property. Consequently, plaintiff has failed to plead a direct physical loss—a prerequisite for coverage.[3]

**2) Civil Authority**

Plaintiff's arguments regarding civil authority coverage fail for similar reasons. As noted above, the policy's civil authority coverage applies only if there is a Covered Cause of Loss, meaning a direct physical loss, to property other than the plaintiff's property. Even then, there is

---

[2] Plaintiff heavily relies on <u>Studio 417 Inc. v. The Cincinnati Insurance Co.</u>, 20 C 3127-SRB (S.D. Mo. Aug. 12, 2020), a Missouri case that found that the coronavirus caused a physical loss to property warranting insurance coverage. That court rested its decision on that policy's expansive language, language very different from the policy in the instant case. The unambiguous language in the instant policy warrants a different conclusion—physical damage that demonstrably alters the property is necessary for coverage, and the coronavirus does not cause physical damage.

[3] Plaintiff's arguments regarding the exclusions are unavailing. By the policy's plain and unambiguous text, the exclusions are triggered only when there is first a direct physical loss. Having determined that there is no direct physical loss, the court need not address arguments regarding the exclusions.

coverage only if the civil authority order, (1) prohibits access to the premises due to (2) direct physical loss to property, other than plaintiff's premises, caused by or resulting from any Covered Cause of Loss.

Just as the coronavirus did not cause direct physical loss to plaintiff's property, the complaint has not (and likely could not) allege that the coronavirus caused direct physical loss to other property. By the policy's own terms, the civil authority coverage does not apply. Failure to meet this requirement alone warrants dismissal of any claim for civil authority coverage. As to the next prong, while coronavirus orders have limited plaintiff's operations, no order issued in Illinois prohibits access to plaintiff's premises. See Syufy Enters. v. Home Ins. Co. of Ind., 1995 WL 129229, at *2 (N.D. Cal. Mar. 21, 1995) (riot-related curfew prevented customers from being outside, it did not prohibit access to the insured's premises). Indeed, plaintiff concedes that dental offices were deemed essential businesses for emergency and non-elective work. Consequently, plaintiff has failed to allege that access to its premises was prohibited by government order, and its claim for civil authority coverage fails.

For the foregoing reasons, Counts I and II are dismissed.

**3) Section 155**

215 ILCS 5/155 provides "an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." Phillips v. Prudential Ins. Co. of America, 714 F.3d 1017, 1023 (7th Cir. 2013). "If there is a bona fide dispute regarding coverage—meaning a dispute that is real, genuine, and not feigned—statutory sanctions under section 5/155 are inappropriate." Id. (internal citations omitted). Section 5/155 claims may be dismissed at the pleadings stage when a plaintiff fails to state a sufficient factual basis for sanctions, or when a bona fide dispute regarding coverage is apparent

from the face of the complaint.  See 9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Conn., No. 15 C 10822, 2016 WL 464276, at *4 (N.D. Ill. Feb. 8, 2016).

Here, plaintiff's complaint states in a conclusory fashion: "[d]efendant's denials were vexatious and unreasonable."  The only factual allegation provided is that defendant denied the insurance claim without conducting an investigation.  Plaintiff has thus failed to plead a sufficiently plausible basis for sanctions.  Further, the face of the complaint presents, at most, a bona fide dispute over coverage which precludes a finding of Section 155 liability.  Count III is dismissed.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Doc. 25) is granted.


**ENTER: September 21, 2020**


**Robert W. Gettleman**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

SANDY POINT DENTAL, PC,

Plaintiff(s),

v.

THE CINCINNATI INSURANCE COMPANY,

Defendant(s).

Case No.  20 cv 2160
Judge Robert W. Gettleman

## **JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☐   in favor of plaintiff(s)
and against defendant(s)
in the amount of $ ,

which ☐ includes   pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒   in favor of defendant(s) THE CINCINNATI INSURANCE COMPANY
and against plaintiff(s) SANDY POINT DENTAL, PC,

Defendant(s) shall recover costs from plaintiff(s).

---

☐   other:

---

This action was *(check one)*:

☐ tried by a jury with Judge   presiding, and the jury has rendered a verdict.
☐ tried by Judge   without a jury and the above decision was reached.
☒ decided by Judge Robert W. Gettleman on a motion

Date:  9/21/2020

Thomas G. Bruton, Clerk of Court

Claire E. Newman, Deputy Clerk

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Sandy Point Dental PC

<table>
<tr><td></td><td>Plaintiff,</td><td></td></tr>
<tr><td>v.</td><td></td><td>Case No.: 1:20−cv−02160</td></tr>
<tr><td></td><td></td><td>Honorable Robert W. Gettleman</td></tr>
<tr><td>The Cincinnati Insurance Company, et al.</td><td></td><td></td></tr>
<tr><td></td><td>Defendant.</td><td></td></tr>
</table>

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 30, 2020:

     MINUTE entry before the Honorable Robert W. Gettleman: Defendant's second motion to supplement pleadings with additional authority [50] is granted. Mailed notice (cn).

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDY POINT DENTAL, PC,      )
                             )
             Plaintiff,      )
                             )      Case No. 20 CV 2160
       v.                    )
                             )      Judge Robert W. Gettleman
THE CINCINNATI INSURANCE     )
COMPANY,                     )
                             )
             Defendant.      )

## MEMORANDUM OPINION & ORDER

Plaintiff Sandy Point Dental, PC brought a three count complaint against defendant, The Cincinnati Insurance Company, seeking a declaration that defendant must provide coverage under the policy for losses due to governmental closure orders intended to slow the spread of the Coronavirus and COVID-19, damages and attorneys' fees under 215 ILCS 5/155, and a claim for breach of contract for failing to provide coverage.  On September 21, 20, the court granted defendant's motion to dismiss and terminated the case.  [Doc. 37].  Plaintiff has filed a motion for leave to file a Second Amended Complaint [Doc. 39] and a motion to reconsider [Doc. 40].  After reviewing the briefs and considering the supplemental authority, the court denies both motions.

## BACKGROUND

The background facts are set forth in the court's earlier opinion and need not be restated here.  Sandy Point Dental, PC v Cincinnati Insurance Co., 2020 WL 5630465, at *1 (N.D. Ill. Sep. 21, 2020).  Relevant to the instant motions, defendant issued an insurance policy to plaintiff for the period of October 14, 2017 to October 14, 2020.  The relevant provisions can be found in

1

the Building and Personal Property Coverage Form and the Business Income Coverage Form.

The Business Income Coverage states, in relevant part:

> We will pay for the actual loss of "Business Income" … you sustain due to the necessary "suspension" of your "operation" during the "period of restoration". The "suspension" must be caused by direct physical "loss' to property at "premises" cause by or resulting from any Covered Cause of Loss.
>
> […]
>
> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical "loss" to property at "premises" which is described in the Declarations and for which a "Business Income" Limit of Insurance is shown in the Declaration. The "loss" must be caused by or result from a Covered Cause of Loss.

The policy defines a Covered Cause of Loss as "RISKS OF DIRECT PHYSCIAL LOSS," unless expressly excluded by the policy.

## DISCUSSION

Plaintiff has filed two motions: one for leave to file a Second Amended Complaint and the other for reconsideration under Rule 59(e).  The court will discuss each in turn.

### 1) Motion to reconsider

The court's September 21, 2020, opinion found that the insurance policy covering plaintiff's business is triggered only by a direct physical loss, and that the COVID-19 pandemic and subsequent lockdown orders did not cause such a loss.  [Doc. 37].  The court further found that the lockdown orders did not trigger civil authority coverage, and that plaintiff failed to plead a 215 ILCS 5/155 claim.  Plaintiff moves to reconsider only the court's first finding: that there was no physical damage triggering insurance coverage.

Rule 59(e) of the Federal Rules of Civil Procedure "allow[s] a party to bring to the district court's attention a manifest error of law or fact so that it may correct, or at least address,

the error in the first instance." A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co., 963 F.3d 705, 709 (7th Cir. 2020). Such a motion serves a limited function and may not be used to reargue or rehash arguments previously presented. See Oto v. Metro. Life. Ins. Co., 224 F3d 601, 606 (7th Cir. 2000). The party seeking the Court's reconsideration must give the Court "a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Plaintiff argues that the court should reconsider its decision because there as been "a change in the law after the case was submitted to the Court for consideration." The only change plaintiff identifies is a single case from the United States District Court for the Western District of Missouri, Blue Springs Dental Care, LLC v. Owner Ins. Co., 2020 WL 5637963 (W.D. Mo. Sep. 21, 2020). The court in Blue Springs found that the COVID-19 virus physically attached itself to the premises, causing physical damage or loss to the property, and thus triggered insurance coverage. Id. at *4. Plaintiff argues that the Blue Springs case is particularly relevant because the plaintiff in Blue Springs is a dental office, just like the plaintiff here.

Contrary to plaintiff's arguments, Blue Springs is nothing new. Indeed, the reasoning of Blue Springs is nearly identically to the reasoning in Studio 417, Inc., et al. v. the Cincinnati Ins. Co., 2020 WL 4692385 (W.D. Mo. Aug. 12, 2020). Both cases were issued by the same judge and focus on policy language that this court has already distinguished. The relevant policy language in both Studio 417 and in Blue Springs provided that the insurer "will pay for direct physical loss of or damage to Covered Property." Studio 417, 2020 WL 4692385, at *4-5; Blue Springs, 2020 WL 5637963, at *4. The Western District of Missouri court focused heavily on the disjunctive "or" and found that the policy contemplated loss to property other than direct physical damage. Id. This court expressly distinguished the policy language and reasoning of Studio 417 in its earlier opinion, concluding that the policy language in Studio 417 was much

more expansive than the policy language here (providing for "direct physical 'loss' to property"). A second case with the same distinguishable policy language hardly amounts to a "change in the law" warranting reconsideration.

Further, the majority of courts to address this issue have agreed with this court, finding that COVID-19 and corresponding closure orders do not cause physical damage or physical loss to insured property. An Illinois state court and several federal courts have cited this court's earlier decision favorably and have agreed with this court's conclusion. See for example, It's Nice Inc. v. State Farm Fire and Cas., Co., Case No. 2020 L 000517 (18th Judicial Circuit (DuPage County) Sep. 29, 2020) (favorably citing Sandy Point and relying on that reasoning to conclude that COVID-19 does not cause physical damage triggering insurance coverage, and dismissing the case); Bradley Hotel Corp. v. Aspen Specialty Ins. Co., 2020 WL 7889047, at *3-4 (N.D. Ill. Dec. 22, 2020) (same); T & E Chi. LLC v. Cincinnati Ins. Co., 2020 WL 6801845, a *4 (N.D. Ill. Nov. 19, 2020) (same); Uncork and Create LLC v. Cincinnati Ins. Co., 2020 WL 6436948, at *4-5 (S.D. W. Va. Nov. 2, 2020) (same); Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co., 2020 WL 6392841, at *5 (S.D. Fl. Nov. 2, 2020) (same).

Plaintiff has not provided a manifest error of fact or law. All plaintiff has provided is an out-of-circuit case that relies on a different state's law and different policy language. Plaintiff's arguments do not warrant a motion to reconsider. The motion is accordingly denied.

## 2) Leave to File a Second Amended Complaint

Plaintiff has additionally moved for leave to file a Second Amended Complaint.[1] Ordinarily, a plaintiff whose complaint has been dismissed under Rule 12(b)(6) may be given an opportunity to amend the complaint before the entire action is dismissed. Runnion v. Girl Scouts

---

[1] Plaintiff has already amended its complaint once as a matter of course [Doc. 23].

of Greater Chi., 786 F.3d 510, 519 (7th Cir. 2015).  Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The terms of the rule, however, do not mandate that leave be granted in every case."  Park v. City of Chi., 297 F.3d 606, 612 (7th Cir. 2002).  The Seventh Circuit has recognized that, "when it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and enter an immediate final judgment."  Runnion, 786 F.3d at 520.  Such is the case here.

Plaintiff's proposed Second Amended Complaint contains eight new paragraphs that essentially state that the COVID-19 virus spreads through particles that land on surfaces and physically attaches itself to physical premises.  However, these new allegations do not correct the deficiencies in plaintiff's original complaint.  There are no allegations that COVID-19 was ever present in the facility and no allegations of tangible physical damage.  Even if plaintiff could plead the presence of the COVID-19 virus on the premises, that allegation alone is not sufficient to present a claim based on direct physical damage to the property.  As the court held in its earlier order, "[t]he coronavirus does not physical alter the appearance, shape, color, structure, or other material dimension of the property."  Sandy Point, 2020 WL 5630465, at *3.  The Second Amended Complaint does not change this fact and does not cure this defect.  Because leave to amend is futile, plaintiff's motion for leave to amend is denied.

## CONCLUSION

For the reasons stated above, the court denies plaintiff's motion for leave to file a Second Amended Complaint [Doc. 39] and motion to reconsider [Doc. 40].

**ENTER:**

Date:  **January 10, 2021**

Robert W. Gettleman
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Sandy Point Dental PC

                      Plaintiff,

v.                                      Case No.: 1:20−cv−02160
                                      Honorable Robert W. Gettleman

The Cincinnati Insurance Company, et al.

                      Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, January 14, 2021:

      MINUTE entry before the Honorable Robert W. Gettleman: Telephonic status hearing set for 1/22/2021 is stricken. Mailed notice (cn).

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

APPEAL,JANTZ,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:20-cv-02160
## Internal Use Only

Sandy Point Dental PC v. The Cincinnati Insurance Company et al

Assigned to: Honorable Robert W. Gettleman

Demand: $165,000

Cause: 28:1332 Diversity-Other Contract

Date Filed: 04/06/2020

Date Terminated: 09/21/2020

Jury Demand: Both

Nature of Suit: 110 Contract: Insurance

Jurisdiction: Diversity

**Plaintiff**

**Sandy Point Dental PC**   represented by   **Charles Aaron Silverman**
Charles Aaron Silverman PC
8800 Bronx Ave #100-F
Skokie, IL 60077
312 526 3201
Email: chsilvlaw@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roberta Ann Becker**
Becker & Becker
2300 Barrington Road
Suite 400
Hoffman Estates, IL 60195
(708) 517-2608
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Cincinnati Insurance Company**   represented by   **Brian M Reid**
Litchfield Cavo
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677
Email: reid@litchfieldcavo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis Michael Dolan**
Litchfield Cavo
303 West Madison Street
Chicago, IL 60606

(312) 781-6641
Email: dolan@litchfieldcavo.com
*TERMINATED: 08/04/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Paul Baniak**
Litchfield Cavo LLP
303 W Madison Street
Suite 300
Chicago
Chicago, IL 60606
(312) 781-6596
Email: baniak@litchfieldcavo.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Cincinnati Casualty Company**
*TERMINATED: 07/16/2020*

represented by **Dennis Michael Dolan**
(See above for address)
*TERMINATED: 08/04/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Paul Baniak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Cincinnati Indemnity Company**
*TERMINATED: 07/16/2020*

represented by **Dennis Michael Dolan**
(See above for address)
*TERMINATED: 08/04/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Paul Baniak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Cincinnati Insurance Companies**
*TERMINATED: 07/16/2020*

represented by **Dennis Michael Dolan**
(See above for address)
*TERMINATED: 08/04/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Paul Baniak**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 03/30/2020 | 3 | 52.74KB | ORDER Second Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance. Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020. Mailed notice. (cn). Modified on 4/16/2020 (bg, ). (Entered: 04/15/2020) |
| 04/06/2020 | 1 | 3.23MB | COMPLAINT filed by SANDY POINT DENTAL PC; Jury Demand. Filing fee $ 400, receipt number 0752-16914950. (Attachments: # 1 Exhibit Insurance Contract, # 2 Exhibit Rejection Letter, # 3 Civil Cover Sheet Civil Cover Sheet)(Silverman, Charles) (Entered: 04/06/2020) |
| 04/06/2020 | 2 | 71.92KB | ATTORNEY Appearance for Plaintiff SANDY POINT DENTAL PC by Charles Aaron Silverman (Silverman, Charles) (Entered: 04/06/2020) |
| 04/06/2020 | | | CASE ASSIGNED to the Honorable Robert W. Gettleman. Designated as Magistrate Judge the Honorable Beth W. Jantz. Case assignment: Random assignment. (axc, ) (Entered: 04/06/2020) |
| 04/15/2020 | 4 | 17.09KB | Entered in error. (cn). (Entered: 04/15/2020) |
| 04/21/2020 | 8 | 5.82MB | SUBSEQUENT MOTION for Transfer of Actions Pursuant to 28 USC Section 1407 for Coordinated or Consolidated Pretrial Proceedings (Exhibits). (Attachments: # 1 Envelope)(td, ) (Entered: 05/08/2020) |
| 04/24/2020 | 5 | 50.21KB | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket9, ) (Entered: 04/27/2020) |
| 05/04/2020 | 6 | 59.50KB | ATTORNEY Appearance for Defendants The Cincinnati Casualty Company, The Cincinnati Indemnity Company, The Cincinnati Insurance Companies, The Cincinnati Insurance Company by Dennis Michael Dolan (Dolan, Dennis) (Entered: 05/04/2020) |
| 05/04/2020 | 7 | 59.62KB | ATTORNEY Appearance for Defendants The Cincinnati Casualty Company, The Cincinnati Indemnity Company, The Cincinnati Insurance Companies, The Cincinnati Insurance Company by Michael Paul Baniak (Baniak, Michael) (Entered: 05/04/2020) |
| 05/12/2020 | 9 | 11.27KB | WAIVER OF SERVICE returned executed by Sandy Point Dental PC. The Cincinnati Casualty Company waiver sent on 5/9/2020, answer due 7/8/2020. (Silverman, Charles) (Entered: 05/12/2020) |

| 05/12/2020 | 10 | ☐ 11.27KB | WAIVER OF SERVICE returned executed by Sandy Point Dental PC. The Cincinnati Indemnity Company waiver sent on 5/9/2020, answer due 7/8/2020. (Silverman, Charles) (Entered: 05/12/2020) |
|---|---|---|---|
| 05/12/2020 | 11 | ☐ 11.27KB | WAIVER OF SERVICE returned executed by Sandy Point Dental PC. The Cincinnati Insurance Companies waiver sent on 5/9/2020, answer due 7/8/2020. (Silverman, Charles) (Entered: 05/12/2020) |
| 05/12/2020 | 12 | ☐ 11.27KB | WAIVER OF SERVICE returned executed by Sandy Point Dental PC. The Cincinnati Insurance Company waiver sent on 5/9/2020, answer due 7/8/2020. (Silverman, Charles) (Entered: 05/12/2020) |
| 05/26/2020 | 13 | ☐ 39.28KB | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket10, ) (Entered: 05/26/2020) |
| 05/28/2020 | 14 | ☐ 9.86MB | NOTICE Appearance for Plaintiff Sandy Point Dental PC by Charles Aaron Silverman (Attachments: # 1 Corporate Disclosure, # 2 Proof of Service)(tg, ) (Entered: 05/28/2020) |
| 07/07/2020 | 15 | ☐ 115.48KB | MOTION by Defendant The Cincinnati Insurance Company for extension of time to file response/reply as to complaint, 1 *Unopposed* (Baniak, Michael) (Entered: 07/07/2020) |
| 07/07/2020 | 16 | ☐ 112.04KB | NOTICE of Motion by Michael Paul Baniak for presentment of motion for extension of time to file response/reply 15 before Honorable Robert W. Gettleman on 7/14/2020 at 09:15 AM. (Baniak, Michael) (Entered: 07/07/2020) |
| 07/08/2020 | 17 | ☐ 4.33KB | MINUTE entry before the Honorable Robert W. Gettleman: Unopposed motion to extend time to answer or otherwise plead 15 is granted. Defendants' responsive pleading due on or before 7/22/2020. Motion presentment hearing set for 7/14/2020 is stricken. Mailed notice (cn). (Entered: 07/08/2020) |
| 07/10/2020 | 18 | ☐ 44.36KB | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk9, Docket) (Entered: 07/10/2020) |
| 07/16/2020 | 19 | ☐ 13.36KB | NOTICE of Voluntary Dismissal by Sandy Point Dental PC *of 3 of 4 Defendants* (Silverman, Charles) (Entered: 07/16/2020) |
| 07/16/2020 | 20 | ☐ 78.19KB | MOTION by Plaintiff Sandy Point Dental PC to amend/correct notice of voluntary dismissal 19 , complaint, 1 *(Unopposed Motion)* (Attachments: # 1 Exhibit Intended Pleading)(Silverman, Charles) (Entered: 07/16/2020) |

| 07/16/2020 | 21<br>0.54MB | ☐ | *Unopposed Motion* NOTICE of Motion by Charles Aaron Silverman for presentment of motion to amend/correct 20 before Honorable Robert W. Gettleman on 7/28/2020 at 09:15 AM. (Silverman, Charles) (Entered: 07/16/2020) |
| --- | --- | --- | --- |
| 07/17/2020 | 22<br>4.30KB | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Motion for leave to file amended complaint (unopposed) 20 is granted. Motion presentment hearing set for 7/28/2020 is stricken. Mailed notice (cn). (Entered: 07/17/2020) |
| 07/17/2020 | 23<br>65.03KB | ☐ | AMENDED complaint by Sandy Point Dental PC against The Cincinnati Insurance Company (Silverman, Charles) (Entered: 07/17/2020) |
| 07/21/2020 | 24<br>8.92KB | ☐ | ATTORNEY Appearance for Defendant The Cincinnati Insurance Company by Brian M Reid (Reid, Brian) (Entered: 07/21/2020) |
| 07/31/2020 | 25<br>3.50MB | ☐ | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant The Cincinnati Insurance Company (Attachments: # 1 Exhibit A - Policy Excerpts, # 2 Exhibit B - Social Life v Sentinel Trans, # 3 Exhibit C - Gavrilides Order and Transcript, # 4 Exhibit D - CDC Reopening Guidance, # 5 Exhibit E - List of Disinfectants)(Baniak, Michael) (Entered: 07/31/2020) |
| 07/31/2020 | 26<br>0.89MB | ☐ | MEMORANDUM by The Cincinnati Insurance Company in support of Motion to Dismiss for Failure to State a Claim, 25 (Baniak, Michael) (Entered: 07/31/2020) |
| 07/31/2020 | 27<br>116.28KB | ☐ | NOTICE of Motion by Michael Paul Baniak for presentment of Motion to Dismiss for Failure to State a Claim, 25 before Honorable Robert W. Gettleman on 8/11/2020 at 09:15 AM. (Baniak, Michael) (Entered: 07/31/2020) |
| 08/03/2020 | 28<br>4.63KB | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's response to defendant's motion to dismiss 25 due on or before 8/31/2020; defendant's reply due on or before 9/14/2020. Telephonic status hearing set for 11/13/2020 at 9:15 a.m. The call-in number is (888) 684-8852 and the access code is 1503395. Counsel of record will receive an email the morning of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 08/03/2020) |
| 08/03/2020 | 29<br>4.25KB | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Motion presentment hearing set for 8/11/2020 is stricken. Mailed notice (cn). (Entered: 08/03/2020) |
| 08/04/2020 | 30<br>111.60KB | ☐ | MOTION by Attorney Dennis M. Dolan to withdraw as attorney for The Cincinnati Insurance Company. No party information provided (Dolan, Dennis) (Entered: 08/04/2020) |
| 08/04/2020 | 31<br>115.86KB | ☐ | NOTICE of Motion by Dennis Michael Dolan for presentment of motion to withdraw as attorney 30 before Honorable Robert W. Gettleman on 8/11/2020 at 09:00 AM. (Dolan, Dennis) (Entered: 08/04/2020) |

| 08/04/2020 | 32 | ☐ 4.31KB | MINUTE entry before the Honorable Robert W. Gettleman: Defendant's Motion to withdraw attorney Dennis M. Dolan as counsel of record 30 is granted. Motion presentment hearing set for 8/11/2020 is stricken. Mailed notice (cn). (Entered: 08/04/2020) |
|---|---|---|---|
| 08/12/2020 | 33 | ☐ 87.00KB | ORDER Denying Transfer and Directing Issuance of Show Cause Orders. (nsf, ) (Entered: 08/13/2020) |
| 08/17/2020 | 34 | ☐ 1.24MB | RESPONSE by Sandy Point Dental PCin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant The Cincinnati Insurance Company 25 (Attachments: # 1 Exhibit Policy, # 2 Exhibit Cited case, # 3 Exhibit ISO Circular)(Silverman, Charles) (Entered: 08/17/2020) |
| 08/19/2020 | 35 | ☐ 216.55KB | Notice of Hearing Session by Multidistrict Litigation Panel (bg, ) (Entered: 08/20/2020) |
| 09/14/2020 | 36 | ☐ 3.87MB | REPLY by Defendant The Cincinnati Insurance Company to Motion to Dismiss for Failure to State a Claim, 25 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Baniak, Michael) (Entered: 09/14/2020) |
| 09/21/2020 | 37 | ☐ 166.13KB | MEMORANDUM Opinion and Order Signed by the Honorable Robert W. Gettleman on 9/21/2020: For the reasons set forth in the attached Memorandum Opinion and Order, defendant's motion to dismiss 25 is granted. Telephonic hearing set for 11/13/2020 is stricken. Civil case terminated. Mailed notice (cn). (Entered: 09/21/2020) |
| 09/21/2020 | 38 | ☐ 67.37KB | ENTERED JUDGMENT on 9/21/2020. Mailed notice (cn). (Entered: 09/21/2020) |
| 10/16/2020 | 39 | ☐ 131.43KB | MOTION by Plaintiff Sandy Point Dental PC to file instanter *A Second Amended Complaint* (Attachments: # 1 Exhibit Intended Second Amended Complaint)(Silverman, Charles) (Entered: 10/16/2020) |
| 10/16/2020 | 40 | ☐ 148.70KB | MOTION by Plaintiff Sandy Point Dental PC for reconsideration regarding Order on Motion to Dismiss for Failure to State a Claim,, memorandum opinion and order,, terminated case, 37 , entered judgment 38 (Attachments: # 1 Exhibit Blue Springs Dental Ruling)(Silverman, Charles) (Entered: 10/16/2020) |
| 10/16/2020 | 41 | ☐ 0.52MB | NOTICE of Motion by Charles Aaron Silverman for presentment of motion for reconsideration, 40 , motion to file instanter 39 before Honorable Robert W. Gettleman on 10/22/2020 at 09:15 AM. (Silverman, Charles) (Entered: 10/16/2020) |
| 10/18/2020 | 42 | ☐ 16.17KB | MINUTE entry before the Honorable Robert W. Gettleman: The court sets the following briefing schedule on plaintiff's motion for leave to file a Second Amended Complaint 39 and motion for reconsideration 40 : defendants' response due by 11/9/2020; plaintiff's reply due by 11/23/2020. Telephonic status hearing set for 1/22/2021 at 9:15 a.m. The call-in number is (888) 684-8852 and the access code is 1503395. Motion presentment hearing is stricken. The court reminds counsel that pursuant to the Chief Judge's Fifth Amended General Order 18 the procedures set forth on this court's webpage, the parties are directed not to notice motions for presentment until further order of court. Mailed notice (cn). (Entered: 10/18/2020) |

| 10/30/2020 | 43 | ☐ 72.73KB | ATTORNEY Appearance for Plaintiff Sandy Point Dental PC by Roberta Ann Becker (Becker, Roberta) (Entered: 10/30/2020) |
|---|---|---|---|
| 11/09/2020 | 44 | ☐ 0.60MB | RESPONSE by The Cincinnati Insurance Companyin Opposition to MOTION by Plaintiff Sandy Point Dental PC for reconsideration regarding Order on Motion to Dismiss for Failure to State a Claim,, memorandum opinion and order,, terminated case, 37 , entered judgment 38 40 (Attachments: # 1 Exhibit A - It's Nice Order and Transcript, # 2 Exhibit B - Uncork & Create Opinion)(Reid, Brian) (Entered: 11/09/2020) |
| 11/09/2020 | 45 | ☐ 0.61MB | RESPONSE by The Cincinnati Insurance Companyin Opposition to MOTION by Plaintiff Sandy Point Dental PC to file instanter *A Second Amended Complaint* 39 (Attachments: # 1 Exhibit A - It's Nice Order and Transcript, # 2 Exhibit B - Uncork & Create Opinion)(Reid, Brian) (Entered: 11/09/2020) |
| 11/16/2020 | 46 | ☐ 5.47MB | REPLY by Plaintiff Sandy Point Dental PC to motion for reconsideration, 40 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Silverman, Charles) (Entered: 11/16/2020) |
| 11/17/2020 | 47 | ☐ 5.49MB | REPLY by Plaintiff Sandy Point Dental PC to response in opposition to motion, 45 *For Leave To Amend* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Silverman, Charles) (Entered: 11/17/2020) |
| 11/25/2020 | 48 | ☐ 2.06MB | MOTION by Defendant The Cincinnati Insurance Company to supplement *Pleadings with Additional Authority* 44 , 45 (Attachments: # 1 Exhibit A - T&E Chicago decision, # 2 Exhibit B - DAB Dental, # 3 Exhibit C - Goodwill Indusries, # 4 Exhibit D - Water Sports Kauai, # 5 Exhibit E - Brian Handel D.M.D., # 6 Exhibit F - Real Hospitality)(Reid, Brian) (Entered: 11/25/2020) |
| 11/30/2020 | 49 | ☐ 4.26KB | MINUTE entry before the Honorable Robert W. Gettleman: Defendant's motion to supplement pleadings with additional authority 48 is granted. Mailed notice (cn). (Entered: 11/30/2020) |
| 12/29/2020 | 50 | ☐ 3.07MB | MOTION by Defendant The Cincinnati Insurance Company to supplement *Pleadings with Additional Authority* 44 , 45 *(Second)* (Attachments: # 1 Exhibit A - Kirsch DDS v Aspen, # 2 Exhibit B - Catlin Dental, # 3 Exhibit C - Kessler Dental v Dentists Ins., # 4 Exhibit D - Promotional Headware v Cincinnati, # 5 Exhibit E - 4431, Inc. v. Cincinnati, # 6 Exhibit F - Zwillo v Lexington)(Reid, Brian) (Entered: 12/29/2020) |
| 12/30/2020 | 51 | ☐ 4.27KB | MINUTE entry before the Honorable Robert W. Gettleman: Defendant's second motion to supplement pleadings with additional authority 50 is granted. Mailed notice (cn). (Entered: 12/30/2020) |
| 01/10/2021 | 52 | ☐ 138.22KB | MEMORANDUM Opinion and Order signed by the Honorable Robert W. Gettleman on 1/10/2021: For the reasons stated in the attached Opinion and Order, the court denies plaintiff's motion for leave to file a Second Amended Complaint 39 and motion to reconsider 40 . Mailed notice (cn). (Entered: 01/10/2021) |
| 01/14/2021 | 53 | ☐ 4.26KB | MINUTE entry before the Honorable Robert W. Gettleman: Telephonic status hearing set for 1/22/2021 is stricken. Mailed notice (cn). (Entered: 01/14/2021) |

| 01/28/2021 | <u>54</u> | ☐ <br> 38.74KB | NOTICE of appeal by Sandy Point Dental PC regarding orders <u>51</u> , <u>53</u> , <u>37</u> , <u>52</u> , <u>38</u> Filing fee $ 505, receipt number 0752-17873438. Receipt number: n (Silverman, Charles) (Entered: 01/28/2021) |
| 01/29/2021 | <u>55</u> | ☐ <br> 241.95KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal <u>54</u> . (aee, ) (Entered: 01/29/2021) |

Total filesize of selected documents (MB):

or   Maximum filesize allowed (MB): 30